# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MORRIS NEAL DAVIS v. STEVEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0278   Joseph Walker, Judge**

------

**No. W2008-00010-CCA-R3-HC  - Filed July 29, 2008**

------

The petitioner, Morris Neal Davis, appeals the Hardeman County Circuit Court's summary dismissal of his petition for the writ of habeas corpus. On appeal, the petitioner argues that the trial court was without authority or jurisdiction to sentence him outside his statutory sentencing range and, further, that the court lacked jurisdiction to sentence him above the statutory minimum sentence. The State has filed a motion requesting that this court affirm the lower court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to allege any ground which would render the judgments of conviction void, we grant the State's motion and affirm the judgment of the Hardeman County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Morris Neal Davis, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; and Rachel Willis, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was indicted for two counts of rape of a child (Class A felony). On June 19, 2007, the petitioner entered guilty pleas to two counts of the lesser offense of aggravated sexual battery (Class B felony). Pursuant to the plea agreement, the petitioner, a Range I offender, was sentenced to concurrent fifteen-year sentences, Range II sentences.

On December 5, 2007, the petitioner filed a *pro se* petition for writ of habeas corpus relief seeking relief from the imposition of an illegal sentence. In support of his petition, the petitioner argued that the sentences imposed by the trial court were illegal because the court was without jurisdiction to sentence him outside of his statutory sentencing range. He further asserted, relying upon *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), that the trial court was without jurisdiction to enhance his sentence above the statutory minimum sentence. On December 14, 2007, the lower court summarily denied habeas corpus relief, finding that the petitioner's claims were without merit, as the petitioner's sentences had not expired and the sentencing court had jurisdiction to sentence the petitioner to the sentences received. Specifically, the lower court held that the sentences imposed were not illegal as they were the result of a valid plea agreement and, further, that any Sixth Amendment claims were waived.[1]

The right to seek habeas corpus relief is guaranteed by Article I, Section 15 of the Tennessee Constitution. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000)); *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id*. Relief will only be granted if the petition establishes that the challenged judgment is void. *Id*. A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id*. (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *Id*. at 255-56; *State ex rel. Newsom v. Henderson,* 424 S.W.2d 186, 189 (Tenn. 1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id*. However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619. Because the determination of whether habeas corpus relief should be granted is a question of law, this court's review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The petitioner first argues that his sentence is illegal because he was sentenced outside his statutory sentencing range. As noted, the petitioner, who qualified as a Range I offender, was

---

[1] We are constrained to note that the petitioner has failed to file a completed brief on appeal. The brief submitted by the petitioner contains no argument section, and, therefore, no citation to legal authority to support his argument. A "Notice to the Court" is included, which asserts that the petitioner did not have sufficient time to complete the brief. Though the rules of our court allow for waiver in this instance, we, nonetheless, elect review of the issue before us in the interest of justice and judicial economy. *See* Tenn. R. Crim. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

sentenced to a term of fifteen years, a Range II sentence, for Class B felony convictions. According to the petitioner, the law does not allow him to be sentenced outside his statutory range, which for a Range I offender convicted of Class B felonies, is eight to twelve years. *See* T.C.A. § 40-35-112(a)(2) (2006). However, the petitioner's argument ignores that our supreme court has repeatedly held that a defendant can plead outside his range as part of a negotiated plea agreement and that hybrid sentences, such as the one received by the petitioner, do not contravene the 1989 Sentencing Act. *See Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007); *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000). In *Hoover*, the court specifically stated that "a plea-bargained sentence may legally exceed the maximum available in the offender range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." 12 S.W.3d at 780. Thus, a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 708 (Tenn. 1997).

While the record before this court indicates that the petitioner was, in fact, a Range I offender, it is clear, contrary to his assertions, that he knowingly agreed to be sentenced as a Range II offender as part of the plea agreement. The judgments of conviction include a notation that the petitioner willingly and knowingly accepted a Range II sentence. Moreover, the record includes a signed, written statement acknowledging that the petitioner was pleading outside of his statutory range. Additionally, prior to accepting the plea agreement, the trial court questioned the petitioner extensively regarding his decision to accept the agreement, which specified a sentence outside his applicable range. As such, the petitioner has failed to establish that his sentences are illegal or that he is entitled to habeas corpus relief.

The petitioner also argues he is entitled to relief, relying upon *Cunningham v. California*, because the trial court improperly enhanced his sentence above the statutory minimum sentence of eight years. However, the record before us fails to implicate the holding of *Cunningham*, as the trial court made no factual determinations which it used to upwardly adjust the sentence imposed. Regardless, it has been repeatedly held that, even if a petitioner is sentenced in violation of *Cunningham* or *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), such violation would render the judgment voidable and not void. *Wayford Demonbruen, Jr. v. State*, M2004-03037-CCA-R3-HC (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner,* No. W2004-02643-CCA-R3-HC (Tenn. Crim. App., at Jackson, Apr. 12, 2005); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC (Tenn. Crim. App., at Nashville, Feb. 15, 2005).

Upon consideration of the record, the pleadings, and the applicable law, this court concludes that the petitioner has failed to establish that he is entitled to habeas corpus relief. He has neither established that his effective fifteen-year sentence has expired nor that the trial court was without jurisdiction or authority to enter the sentences imposed. The lower court properly determined that the petitioner had failed to establish his entitlement to habeas corpus relief. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the

State's motion is granted.  The judgment of the lower court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
**JOHN EVERETT WILLIAMS, JUDGE**